Steven J. Nataupsky (SBN 155913)
steven.nataupsky@knobbe.com
Lauren Keller Katzenellenbogen (SBN 223370)
lauren.katzenellenbogen@knobbe.com
Karen M. Cassidy (SBN 272114)
karen.cassidy@knobbe.com
**KNOBBE, MARTENS, OLSON & BEAR, LLP**
2040 Main Street
Fourteenth Floor
Irvine, CA  92614
Phone: (949) 760-0404
Facsimile: (949) 760-9502
Attorneys for Plaintiff

Eric J. Goodman (SBN 210694)
eric@goodmanmooney.com
**GOODMAN MOONEY LLP**
3420 Bristol Street, 6th Floor
Costa Mesa, CA  92626
Phone: (949) 622-0020
Facsimile: (949) 622-0024
Attorney for Defendant

## IN THE UNITED STATES DISTRICT COURT
### FOR THE CENTRAL DISTRICT OF CALIFORNIA
### SOUTHERN DIVISION

| | |
|---|---|
| ALLIED PROFESSIONALS' INSURANCE SERVICES, a California corporation, and ALLIED PROFESSIONALS INSURANCE COMPANY, A RISK RETENTION GROUP, INC., an Arizona corporation,<br><br>Plaintiffs,<br><br>v.<br><br>ALLIED PROFESSIONALS ASSOCIATION, INC., a Colorado corporation,<br><br>Defendant. | Case No. 8:14-CV-2032 DOC (ANx)<br><br>[~~PROPOSED~~] **STIPULATED PROTECTIVE ORDER**<br><br>The Hon. David O. Carter, District Court Judge<br><br>The Hon. Arthur Nakazato, Magistrate Judge<br><br>DISCOVERY MATTER |

# I.  **STIPULATED PROTECTIVE ORDER**

Plaintiffs ALLIED PROFESSIONALS' INSURANCE SERVICES and ALLIED PROFESSIONALS INSURANCE SERVICES (collectively, "Allied Professionals") and Defendant ALLIED PROFESSIONALS ASSOCIATION ("APA") (collectively, the "Parties," or singularly, "a party"), respectfully believe that good cause exists to enter the instant Protective Order in order to protect Confidential and Trade Secret information from public disclosure.  The parties agree that disclosure and discovery activity in the above-captioned action are likely to involve production of confidential, proprietary, trade secret and/or commercially sensitive information for which special protection from public disclosure and from use for any purpose other than prosecuting this litigation would be warranted.  Such information likely may include trade secret or other confidential research, costing, pricing, marketing or other commercial information as contemplated by Federal Rule of Civil Procedure 26(c)(7) (collectively, the "Sensitive Information").  The Sensitive Information includes information and data that could be used by actual or potential competitors to gain an improper and unlawful competitive advantage in the marketplace.  The purpose of this Protective Order is to protect the confidentiality of such materials as much as practical during the litigation.

IT IS HEREBY STIPULATED and agreed by and between counsel for the Parties that the terms and conditions of this Stipulated Protective Order shall be entered as follows:

## II.  **DEFINITIONS**

1.     The term "Discovery Material" shall mean and include all items or information, including from any non-party, regardless of the medium or manner generated, stored or maintained (including, among other things, documents; correspondence; memoranda; e-mail messages; bulletins; specifications; customer lists or other materials that identify customers or

potential customers; price lists or schedules or other matter identifying pricing; minutes; telegrams; letters; statements; cancelled checks; contracts; invoices; drafts; books of account; worksheets; notes of conversations; desk diaries; appointment books; expense accounts; recordings; photographs; motion pictures; source code; compilations from which information can be obtained and translated into reasonably usable form through detection devices; sketches; drawings; notes; reports; instructions; disclosures; other writings; models, prototypes, and other physical objects and information contained or disclosed in any materials, including documents, portions of documents, answers to interrogatories, responses to requests for admissions, trial testimony, hearing testimony, deposition testimony, and transcripts of trial testimony, hearings, and depositions, including data, summaries, and compilations derived therefrom) that are produced, disclosed or generated in connection with discovery in this matter.

2.  "Party" means any party to this action including all of its officers, directors, employees, consultants, retained experts, and outside counsel and their support staffs.

3.  "Producing Party" means any Party or other third-party entity who discloses or produces any Discovery Material in this action.

4.  "Receiving Party" means any Party who receives Discovery Material from a Producing Party

5.  "Protected Material" means any Discovery Material that is designated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL ATTORNEYS' EYES ONLY" in accordance with Paragraph 8, by any Party or witness to which it belongs.

6.  The term "counsel" shall include outside counsel of record, and other attorneys, paralegals, assistants, summer associates, and other support

/ / /

-2-

staff employed in the law firms of KNOBBE, MARTENS, OLSON & BEAR, LLP and GOODMAN MOONEY, LLP.

### III.  GENERAL RULES

7.     This Protective Order shall govern all disclosures of Discovery Materials made pursuant to Rule 26(a) of the Federal Rules of Civil Procedure.

8.     All Discovery Materials containing Protected Material shall be used solely in connection with this litigation and not for any other purpose.  All Discovery Materials whose disclosure is restricted by this Protective Order shall not be disclosed to anyone except as provided herein.

9.     This Order shall not bar counsel (as defined in Paragraph 6) in the course of rendering advice to his or her client from referring to or relying in a general way upon his or her examination of Protected Material produced or exchanged herein; provided, however, that in rendering such advice and otherwise communicating with his or her client, the attorney shall not disclose the specific contents or substance of any Protected Material produced by another Party.

### A.  Designation of Materials

10.     Each Party or witness to this litigation that produces or discloses any Discovery Materials or information that the producing Party or witness reasonably believes in good faith should be subject to this Protective Order may designate the same as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL ATTORNEYS' EYES ONLY" as follows:

a)     Designation as "CONFIDENTIAL":  A party or non-party may designate as "CONFIDENTIAL," in whole or in part, any document, thing, or information which contains trade secrets or other confidential research, development, or commercial information that the disclosing party reasonably believes in good faith would have a high likelihood of causing competitive harm to the disclosing party if it were publicly

disclosed, and which is to be disclosed or produced to a party in this action.

b)    Designation as "HIGHLY CONFIDENTIAL ATTORNEYS' EYES ONLY":   A party or non-party may designate as "HIGHLY CONFIDENTIAL ATTORNEYS' EYES ONLY," in whole or in part, any material which contains highly confidential information that the producing party or non-party reasonably believes in good faith to be so commercially sensitive or confidential that disclosure to persons other than those authorized under Paragraph 14 would have a high likelihood of causing serious competitive harm to the disclosing party if it were publicly disclosed, and which is to be disclosed or produced to a party in this action.   Examples of such "HIGHLY CONFIDENTIAL ATTORNEYS' EYES ONLY" material may include, but are not limited to the following:  trade secrets; research and development information; engineering drawings, software code, source code, or test data; existing and potential customer information; sales, revenue, margins, profit, or cost of production information; performance data and projections; business strategies, decisions, or negotiations; and employee personnel files.

c)    Protected Material shall not include any information, document, or thing which: (a) at the time of disclosure hereunder is available to the public; (b) after disclosure hereunder becomes available to the public through no act, or failure to act, by the Receiving Party; or (c) the Receiving Party can show the information, document, or thing (i) was already known to the Receiving Party; (ii) was independently developed by the Receiving Party; or (iii) was received by the Receiving Party, after the time of disclosure hereunder, from a non-party having the right to make such disclosure.

d)      Documents containing Confidential Information shall be so designated by stamping or marking copies of the document produced to a Party with the legend "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL ATTORNEYS' EYES ONLY" (whichever notation is appropriate pursuant to the other provisions herein) on each page of the document, preferably in the lower right-hand corner of the document, or as close thereto as feasible.  In the event that only selected pages of a bound multiple-page document are stamped or marked with the "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL ATTORNEYS' EYES ONLY" legend (e.g., responses to discovery requests), the first page of the bound document shall also be stamped with the "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL ATTORNEYS' EYES ONLY" legend to prevent inadvertent disclosure of the contents of the document which contain Confidential Information.   When an electronic file is produced in its native format, the disclosing Party shall include the "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL ATTORNEYS' EYES ONLY" legend in the title of the electronic file, on the cover of any disc containing the electronic file, and in a cover letter or e-mail accompanying production of the electronic file to prevent inadvertent disclosure of the contents of the electronic file which contain Confidential Information.

11.    No Party shall be responsible to another Party for disclosure of Protected Material under this Order if the information in question is not labeled or otherwise identified as such in accordance with this Order.

12.    Care shall be taken by the Producing Party or witness to use the designation "HIGHLY CONFIDENTIAL ATTORNEYS' EYES ONLY" only where the Producing Party or witness and its counsel have a reasonable and good faith belief that such protection is needed.

**B.**     <u>**Persons Who May View Protected Materials**</u>

13.    Information designated "CONFIDENTIAL" shall be viewed only by the following persons:

a)    the Court, court personnel, court reporters, and other persons connected with the Court;

b)    counsel (as defined in Paragraph 6) of the Receiving Party;

c)    independent experts or consultants under the conditions set forth in Paragraphs 16;

d)    officers, directors, in-house counsel, or employees of each Party, deemed necessary by outside counsel to aid in the prosecution, defense, or settlement of this action, who have executed the agreement in Exhibit A;

e)    stenographic and clerical employees associated with the individuals identified above in subparts (b), (c), and (d) , but only as part of a disclosure to said persons in accordance with this stipulation and order;

f)    outside vendors who perform litigation services including, but not limited to, computer database preparation, photocopying, translation, graphics, design, animation, or exhibit preparation in connection with this action, but only for so long as necessary to perform those services;

g)    trial consultants and mock jurors who have executed the agreement in Exhibit A (which shall be maintained by the retaining party); and

h)    any other person as to whom the Parties in writing agree. Counsel desiring to make a disclosure to individuals pursuant to this Subparagraph shall provide written notice to Counsel for the designating party of its intent to make the disclosure, stating therein the specific

information, documents, or things to be disclosed at least fourteen (14) calendar days before any Confidential Information is made available to such person(s).  With the written notice shall be included a fully executed copy of Exhibit A and an explanation of the background of the person(s) and the intended purpose for the disclosure to the person(s) sufficient to allow the designating Party to determine whether such disclosure might cause injury to the designating Party.  If the designating Party makes a written objection to the disclosure to such person(s) within the fourteen (14) day period, no disclosure of the designating Party's Confidential Information may be made to the person(s).  If the Parties cannot resolve the issue, the Party seeking disclosure may thereupon seek an appropriate order from the Court for permission to disclose the Confidential Information to such person(s).

14.    Information    designated    "HIGHLY    CONFIDENTIAL ATTORNEYS' EYES ONLY" shall be viewed only by the persons listed in Subparagraphs 13(a), (b), (c), (e), (f), (g), and (h).  Such information shall not be disclosed to an officer, director, in-house counsel, or any employee of a Party, unless otherwise agreed in writing or ordered by the Court.  If disclosure of "HIGHLY CONFIDENTIAL ATTORNEYS' EYES ONLY" material is made pursuant to this Paragraph, all other provisions in this Order with respect to its confidentiality shall also apply.

15.    No Discovery Materials designated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL ATTORNEYS' EYES ONLY" shall be disclosed by the Receiving Party to anyone other than those persons designated herein and shall be handled in the manner set forth below unless and until such designation is removed either by agreement of the Parties, or by order of the Court, and, in any event, shall not be used for any purpose other than in connection with this litigation.  The designation of Discovery Materials as

"CONFIDENTIAL" or "HIGHLY CONFIDENTIAL ATTORNEYS' EYES ONLY" shall not preclude any Party from showing the materials or discovery materials to any person (a) who appears as the author or as an addressee on the face of the document and is not otherwise shown prior to such disclosure not to have received the document; (b) who has been identified by the Designating Party as having been provided with the document or thing or with all of the information therein; or (c) who participated in any meeting or communication in which the document or thing was included.  In addition, nothing in this Protective Order shall bar or otherwise restrict a Producing Party or non-party from having access to or using, without notification of any other party or non-party, "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL ATTORNEYS' EYES ONLY"  materials that the Producing Party or non-party has produced in this action.   Where a Receiving Party designates a document "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL ATTORNEYS' EYES ONLY" solely because it contains the Protected Material of a Disclosing Party (for example, in a pleading or brief), nothing limits the Disclosing Party from showing the designated document to anyone.

**C.**      **Experts and Consultants**

16.      Independent experts or consultants, including their secretarial and clerical personnel, may receive Protected Material subject to the following:

a)      Experts or consultants receiving Protected Material shall not be a current officer, director or employee of a Party or of a competitor of a Party, nor anticipated at the time of retention to become an officer, director or employee of a Party or of a competitor of a Party.

b)      Prior to receiving any Protected Material under this Order, the proposed outside expert or consultant must execute a copy of the "Agreement to Be Bound By Protective Order" (Exhibit A hereto).

c)      Consistent with the recent amendments to Rule 26 regarding

expert discovery, the parties agree that drafts of any report or disclosure required under Rule 26(a)(2) shall not be discoverable, regardless of the form in which the draft is recorded.  The parties further agree that notes, outlines, and any other writings leading up to any report or disclosure shall not be discoverable.  The parties agree that all communications to and from a testifying expert are exempt from discovery, except to the extent that the communications (1) relate to compensation for the expert's study or testimony; (2) identify facts or data that the party's attorney provided and that the expert considered in forming the opinions to be expressed; or (3) identify assumptions that the party's attorney provided and that the expert relied on in forming the opinions to be expressed. Each party will produce correspondence with a testifying expert to the extent the correspondence identifies documents or things provided to the testifying expert by or on behalf of the party or its counsel.  Neither party will be required to prepare a privilege log of draft reports of testifying experts or other documents withheld pursuant to this agreement.

        d)     Notwithstanding the foregoing, nothing herein shall in any way restrict a party from taking discovery regarding a testifying expert's communications with third parties.

**D.**    **<u>Designations Relating to Depositions and Inspections</u>**

       17.    Parties or testifying persons or entities may designate depositions and other testimony with the appropriate designation by indicating on the record at the time the testimony is given or by sending written notice that the testimony is designated within fourteen (14) days of receipt of the transcript of the testimony.  All information disclosed during a deposition shall be deemed "CONFIDENTIAL ATTORNEYS' EYES ONLY" until the time within which it may be appropriately designated as provided for herein has passed.  Any Protected Material that is used in the taking of a deposition shall remain subject

to the provisions of this Protective Order, along with the transcript pages of the deposition testimony dealing with such Protected Material.  In such cases the court reporter shall be informed of this Protective Order and shall be required to operate in a manner consistent with this Protective Order.  In the event the deposition is videotaped, the original and all copies of the videotape shall be marked by the video technician to indicate that the contents of the videotape are subject to this Protective Order, substantially along the lines of "This videotape contains confidential testimony used in this case and is not to be viewed or the contents thereof to be displayed or revealed except by order of the Court, or pursuant to written stipulation of the parties."

18.   If during the course of a deposition taken in this action any questions are to be asked or any answers are to be given regarding (a) "CONFIDENTIAL" material, then only persons designated in Paragraph 13 above (and the deponent's counsel in the case of a separately represented non-party) shall be allowed to be present during such portion of the deposition; or (b) "HIGHLY CONFIDENTIAL ATTORNEYS' EYES ONLY" material, then only persons designated in Paragraph 14 above (and the deponent's counsel in the case of a separately represented non-party) shall be allowed to be present during such portion of the deposition. This Paragraph shall not be deemed to authorize disclosure of any "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL ATTORNEYS' EYES ONLY" material to any person to whom disclosure is prohibited under this Protective Order.  It shall be the obligation of the party that produced the "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL ATTORNEYS' EYES ONLY" material to invoke this provision.

19.   If a Producing Party elects to produce documents and things for inspection at its premises rather than producing documents through its counsel, that Party need not label the documents and things in advance of that

inspection.  For purposes of the inspection, all documents within the produced files will be considered as having been preliminarily marked "HIGHLY CONFIDENTIAL ATTORNEYS' EYES ONLY".  During the inspection, the inspecting Party shall select specific documents or groups of documents for copying by a professional copy service at the inspecting Party's own expense. No copies shall be made or retained during the inspection.  After receiving the copies of the selected documents from the copy service, the producing Party shall have fourteen (14) calendar days to review and mark the copies as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL ATTORNEYS' EYES ONLY" material, as appropriate.

**E.**      **Objections to Designations**

20.    At any stage of these proceedings, any Party may object to a designation of materials as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL ATTORNEYS' EYES ONLY."  A Party shall not be obligated to challenge the propriety of any designation of Discovery Material as Protected Material under this Order at the time the designation is made, and a failure to do so shall not preclude a subsequent challenge thereto.  Challenges to the designation of materials as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL ATTORNEYS' EYES ONLY" shall be resolved in accordance the procedures set form in Paragraph 21.

21.    If any Party disagrees at any stage of the proceedings with a confidentiality designation, the Parties shall first attempt to resolve any such dispute in good faith on an informal basis:

a)      The Party challenging the designation shall provide to the producing Party written notice of the disagreement, specifically identifying, for example by Bates Number for documents and by page and line number for deposition transcripts, the Protected Materials in dispute and articulating the challenging Party's basis for its challenge of the

confidentiality designation.

b)    The Producing Party shall respond in writing to the challenging Party's notice within seven (7) calendar days, articulating the basis for the Producing Party's designation with sufficient particularity to enable the challenging Party to move the Court for permission to disclose the Protected Material.

c)    If the dispute cannot be resolved between the Parties without intervention from the Court, the Party challenging the confidentiality designation may within seven (7) days of receiving the Producing Party's written response, move the Court requesting appropriate relief.  Any such Motion shall be filed in strict compliance with Local Rules 37-1 and 37-2, including specifically the requirement of filing a Joint Stipulation in accordance with Local Rule 37-2.  In any such question brought before the Court, the Party asserting the confidentiality designation shall bear the burden of justifying the disputed designation.  The Discovery Materials at issue shall be treated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL ATTORNEYS' EYES ONLY," as designated by the Producing Party, until the Court has ruled on the motion or the matter has been otherwise resolved.

**F.**    **Inadvertent Failure to Designate**

22.    If a Party, through inadvertence, produces any Protected Materials without labeling or marking or otherwise designating it as such in accordance with this Order, then the producing Party may give written notice to the receiving Party that the document or thing produced is deemed "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL ATTORNEYS' EYES ONLY," and that the document or thing produced should be treated as such in accordance with that designation under this Order.  The Receiving Party must treat the materials or discovery materials accordingly, once the Producing Party

so notifies the Receiving Party.  If the Receiving Party has disclosed the materials or discovery materials before receiving the designation, then the Receiving Party must notify the Producing Party in writing of each such disclosure.  Counsel for the Parties shall agree on a mutually acceptable manner of labeling or marking the inadvertently produced materials as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL ATTORNEYS' EYES ONLY."

**G.     Inadvertent Disclosure Not Authorized by Order**

23.     In the event of an inadvertent disclosure of any Discovery Material pursuant to this Order to any person or persons not authorized to receive such disclosure under this Protective Order, the party responsible for having made such disclosure, and each party with knowledge thereof, shall immediately notify counsel for the Producing Party whose Discovery Material has been disclosed and provide to such counsel all known relevant information concerning the nature and circumstances of the disclosure.  The responsible disclosing party shall also promptly take all reasonable measures to retrieve the improperly disclosed Discovery Material and to ensure that no further or greater unauthorized disclosure and/or use thereof is made.

24.     Unauthorized or inadvertent disclosure does not change the status of Discovery Material or waive the right to hold the disclosed document or information as Protected.

**H.     Inadvertent Disclosure of Privileged Material**

25.     Pursuant to Rule 502 of the Federal Rules of Evidence, the inadvertent disclosure of privileged or work product protected material shall not constitute a waiver of, nor prejudice to, any privilege or immunity with respect to such information or document(s) or of any work product doctrine or other immunity that may attach thereto, including without limitation the attorney-client privilege, the joint defense privilege, and the work product

-13-

doctrine. Employing electronic keyword searching to identify and prevent disclosure of privileged material constitutes "reasonable steps to prevent disclosure" under Rule 502(b)(2) of the Federal Rules of Evidence. The entry of this Protective Order by the Court constitutes a court order under Rule 502(d) of the Federal Rules of Evidence.

26. Upon a request from any Producing Party who has inadvertently produced Discovery Material that it believes is privileged and/or protected, each Receiving Party or non-party in receipt of such information shall return or destroy the information (and shall, to the extent possible, destroy any notes relating to the information subject to the request). If the Receiving Party or non-party previously provided such inadvertently produced Discovery Material to a third party, each Receiving Party or non-party shall immediately in good faith attempt to retrieve all copies of such information and, upon retrieval of any such copies, shall return or destroy the information.

27. If a Receiving Party wishes to challenge the propriety of the claim of privilege or work product protection or other applicable privilege, it may do so after fully complying with the requirements of this Section. The Producing Party shall preserve the disclosed Discovery Material until any dispute regarding the claim of privilege or work product protection or other applicable privilege is resolved, and shall submit the Discovery Material to the Court for *ex parte* review and pursuant to any other applicable provisions of this Order (e.g., provisions relating to treatment of Protected Materials) upon the request of the Receiving Party.

**I.     Discovery from Non-Parties**

28. Non-party witnesses may invoke all of the provisions of this Order which are available to the Parties. This provision does not abridge a non-party's right to seek to quash any subpoena served on it, or to seek to protect information sought by a Party, either on the non-party's own motion or

on a motion brought on its behalf by an objecting party.  The Party seeking production from a non-party witness who may possess Protected Material of the other Party shall have the duty to provide a copy of this Order to that non-party witness prior to any production from that witness.  The Party seeking production shall also have the duty to inform that non-party witness of its rights under this Order and its ability to designate any material it produces as Protected Material.  In addition, the Parties shall treat the Protected Material of non-parties in accordance with the terms of this Order.

**J.**      **Filing Protected Material**

29.      Absent written permission from the Producing Party or a court Order secured after appropriate notice to all interested persons, a Receiving Party may not file in the public record any Protected Material.

30.      Any pleading, brief, exhibit or other paper that is filed with the Court or served on another party that contains, quotes, discusses or otherwise reveals material designated "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL ATTORNEYS' EYES ONLY" shall be marked on the front cover with the appropriate legend set forth in Paragraph 10.    All "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL ATTORNEYS' EYES ONLY" materials that are filed with the Court for any purpose shall be filed under seal.  Any party seeking to file any "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL ATTORNEYS' EYES ONLY" materials under seal shall first seek permission from the Court in accordance with the Court's Local Rules, including L.R. 79-5, the Court's Initial Standing Order, and the Court's Procedures    for    Requesting    Under    Seal    Filings    (found    at http://court.cacd.uscourts.gov/CACD/JudgeReq.nsf/2fb080863c88ab47882567 c9007fa070/1257fc72cf3873fd882579f5006b080f/$FILE/Under%20Seal%20Fi lings%20Procedures.pdf), and the Court's Standing Order (found at http://court.cacd.uscourts.gov/CACD/JudgeReq.nsf/2fb080863c88ab47882567

1  c9007fa070/1257fc72cf3873fd882579f5006b080f/$FILE/STANDING%20OR

2  DER.pdf).  With respect to the materials sought to be filed under seal, the filing

3  Party shall select only those documents, or portions thereof, that it reasonably

4  believes in good faith are necessary to be included in its papers to support the

5  filing, and shall prepare a proposed redacted version of the materials that would

6  be available for public viewing.

7       31.    If the filing Party has carefully complied with L.R. 79-5, the

8  Court's Procedures for Requesting Under Seal Filing, and the Court's Initial

9  Standing Order, but the Court nevertheless denies the filing Party's application

10 to file certain materials under seal, and those certain materials were designated

11 "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL ATTORNEYS' EYES

12 ONLY" by the Producing Party, then it shall be the Producing Party's burden

13 and obligation to demonstrate why those materials have been designated

14 "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL ATTORNEYS' EYES

15 ONLY."  Within five (5) calendar days of the Court's decision, the Producing

16 Party may file a renewed application to seal the materials.  If the Producing

17 Party does not file a renewed application within that time period or the Court

18 denies the renewed application, the filing Party shall be permitted to file those

19 materials with the Court without seeking further permission so that the

20 materials are available to the public upon filing.   Notwithstanding the

21 foregoing, if the Court denies the original application to file certain materials

22 under seal because the filing Party has not complied with L.R. 79-5, the Court's

23 Procedures for Requesting Under Seal Filing, and/or the Court's Initial

24 Standing Order, then it shall be the obligation of the filing Party to first comply

25 with that Local Rule and/or Order before imposing the obligations of this

26 Paragraph on the opposing Party.

27 **K.**     **Disclosure Required by Law, Court Order, or Subpoena**

28      32.    Nothing herein shall be construed to prevent disclosure of

Protected Material if such disclosure is required by law or by order of the Court. Nothing herein shall be construed as authorizing a party to disobey a lawful subpoena issued in another action.

33. If any Party is subpoenaed in another action, served with a demand in another action to which it is a Party, or served by any legal process by one not a Party to the above-captioned action, seeking information that was designated by an opposing Party as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL ATTORNEYS' EYES ONLY," then the Party shall give written notice by hand delivery within ten (10) calendar days of receipt of such subpoena, demand, or legal process to the opposing Party who designated the information and shall object to its production to the extent permitted by law, setting forth the existence and terms of this Protective Order.

34. Nothing herein shall be construed as requiring the Party or anyone else covered by this Protective Order to challenge or appeal any court or administrative order requiring production of information subject to this Protective Order, or subject itself to any penalties for noncompliance with any legal process or order, or to seek any relief from this Court.

**L.** **Retention of Materials**

35. All information that has been designated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL ATTORNEYS' EYES ONLY" by the Producing Party, and any and all reproductions thereof, shall be retained in the custody of the counsel for the receiving Party identified in Paragraph 6, except that (a) any court reporter who transcribes testimony given in this action may maintain any such designated documents for the purpose of rendering his or her normal transcribing services; and (b) independent experts or consultants authorized to view such information under the terms of this Order may retain custody of such copies as are necessary for their participation in this litigation but only for so long as is necessary for their participation in the litigation.

36.     All Protected Material shall be held in confidence by those inspecting or receiving it and shall be used only for purposes of this action. Counsel for each Party, and each person receiving Protected Material, shall maintain such material in a secure, safe area and shall exercise the same standard of care with respect to the storage, custody, use and dissemination of such material as is exercised by the recipient with respect to his or her own confidential and proprietary material.

37.     Nothing herein shall restrict a qualified recipient from making working copies, abstracts, digests, and analyses of such information for use in connection with this litigation, and such working copies, abstracts, digests, and analyses shall be deemed to have the same level of protection under the terms of this Order.  Further, nothing herein shall restrict a qualified recipient from converting or translating such information into machine-readable form for incorporation in a data retrieval system used in connection with this litigation, provided that access to such information, whatever form stored or reproduced, shall be limited to qualified recipients.

**M.     Obligations after Termination of Action**

38.     This Protective Order, and all obligations and duties arising under this Protective Order, shall remain in effect after the final termination of this action, unless otherwise ordered by the Court.  The Court retains jurisdiction indefinitely over the parties, and any persons provided access to Protected Material under the terms of this Protective Order, with respect to any dispute over the improper use of such Protected Material and with respect to any orders permitting materials to be filed and maintained under seal.  Within sixty (60) calendar days after the final termination of this action, including any and all appeals, counsel for each Party shall, return all Protected Material to the Party that produced the information, including any copies, excerpts, and summaries thereof, or shall destroy the same at the option of the Receiving Party and shall

-18-

purge all such information from all machine-readable media on which it resides.  Notwithstanding the foregoing, counsel for each Party may retain all pleadings, briefs, memoranda, motions, and other documents filed with the Court that refer to or incorporate Protected Material, and counsel will continue to be bound by this Order with respect to all such retained information.  Further, attorney work product materials that contain Protected Material need not be destroyed; however, if they are not destroyed, then the person in possession of the attorney work product will continue to be bound by this Order with respect to all such retained information.

**N.**      **Modification of Protective Order**

39.      This Order may be modified by agreement of the Parties, subject to approval by the Court.  No modifications by the Parties shall have the force or effect of a Court order unless the Court approves the modification.

40.      The Court may modify the terms and conditions of this Order for good cause, or in the interest of justice, or on its own order at any time.  The Parties prefer that the Court provide them with notice of the Court's intent to modify the Order and the content of those modifications, prior to entry of such an order.

**O.**      **Miscellaneous Provisions**

41.      The restrictions and obligations set forth herein shall not apply to any information that:  (a) the Parties agree should not be designated Protected Material; (b) the Parties agree, or the Court rules, is already public knowledge; (c) the Parties agree, or the Court rules, has become public knowledge other than as a result of disclosure by the Receiving Party, its employees, or its agents in violation of this Order; or (d) has come or shall come into the Receiving Party's knowledge legitimately and independently of the production by the Producing Party.   Prior knowledge must be established by pre-production documentation.

-19-

42.     This Order shall be without prejudice to the right of any Party to oppose production of any information for lack of relevance or any other ground other than the mere presence of Protected Material.  The existence of this Order shall not be used by any Party as a basis for discovery that is otherwise improper under the Federal Rules of Civil Procedure.

43.     Nothing in this Protective Order shall be construed to prevent a party or non-party from seeking such further provisions regarding confidentiality as may be appropriate.

44.     Nothing in this Protective Order shall be construed as a waiver by a party of any objections that might be raised as to the admissibility at trial of any evidentiary materials.

45.     Nothing in this Order shall be construed as authorizing a party to disobey a lawful subpoena issued in another action.

KNOBBE, MARTENS, OLSON & BEAR, LLP

Dated: June 3, 2015            By:  */s/ Lauren Keller Katzenellenbogen*
                                    Steven J. Nataupsky
                                    Lauren Keller Katzenellenbogen
                                    Karen M. Cassidy

                                    Attorneys for Plaintiffs,
                                    ALLIED PROFESSIONALS'
                                    INSURANCE SERVICES and
                                    ALLIED PROFESSIONALS INSURANCE
                                    COMPANY, A RISK RENTENTION GROUP,
                                    INC.

GOODMAN MOONEY LLP


Dated: June 3, 2015          By:  */s/ Eric J. Goodman (with authorization)*
                                  Eric J. Goodman

                             Attorneys for Defendants,
                             ALLIED PROFESSIONALS
                             ASSOCIATION, INC.


**IT IS SO ORDERED.**


Dated: June 4, 2015          _____
                             DOUGLAS F. McCORMICK
                             United States Magistrate Judge

-21-

**EXHIBIT A**

IN THE UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

SOUTHERN DIVISION

| | |
|---|---|
| ALLIED PROFESSIONALS' INSURANCE SERVICES, a California corporation, and ALLIED PROFESSIONALS INSURANCE COMPANY, A RISK RETENTION GROUP, INC., an Arizona corporation, <br><br> Plaintiffs, <br><br> v. <br><br> ALLIED PROFESSIONALS ASSOCIATION, INC., a Colorado corporation, <br><br> Defendant. | Case No. 8:14-CV-2032 DOC (ANx) <br><br> **AGREEMENT TO BE BOUND BY PROTECTIVE ORDER** <br><br> The Hon. David O. Carter , District Court Judge <br><br> The Hon. Arthur Nakazato, Magistrate Judge <br><br> DISCOVERY MATTER |

In consideration of the disclosure to me or production by me of certain information that is designated or, upon production, may be designated as subject to a Protective Order of the Court, I, _____, declare and agree as follows:

    1.    I am employed as _____ by _____, which has the following address: _____.

    2.    I have read the Protective Order entered in the above-captioned case, and I have received a copy of the Protective Order.

    3.    I agree to be bound by the terms of the Protective Order.

    4.    I agree that I will use any and all "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL ATTORNEYS' EYES ONLY" information, as

defined in the Protective Order, given to me only in a manner authorized by the Protective Order and only to assist counsel in the litigation of this matter.

5.      I agree that I will not disclose or discuss such "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL ATTORNEYS' EYES ONLY" information with anyone other than the persons designated in Paragraphs 6, 12, and 13 of the Protective Order.

6.      I agree to submit to the jurisdiction of the United States District Court for the Central District of California for the purpose of enforcement of the Protective Order.

7.      I understand that if I violate the terms of the Protective Order, then I may be subject to a contempt of court proceeding.


Dated:_____      Signed:_____