JS-6

Steven J. Nataupsky (SBN 155913)
steven.nataupsky@knobbe.com
Lauren Keller Katzenellenbogen (SBN 223370)
lauren.katzenellenbogen@knobbe.com
Karen M. Cassidy (SBN 272114)
karen.cassidy@knobbe.com
KNOBBE, MARTENS, OLSON & BEAR, LLP
2040 Main Street, Fourteenth Floor
Irvine, CA 92614
Phone: (949) 760-0404/Facsimile: (949) 760-9502

Attorneys for Plaintiffs, ALLIED PROFESSIONALS' INSURANCE SERVICES and ALLIED PROFESSIONALS' INSURANCE COMPANY, A RISK RETENTION GROUP, INC.

Eric J. Goodman, Esq.
GOODMAN MOONEY LLP
3420 Bristol Street, Sixth Floor
Costa Mesa, CA 92626
eric@goodmanmooney.com
Phone: (949) 622-0020/Facsimile: (949) 622-0024

Attorney for Defendant, THE ALLIED HEALTH ASSOCIATION, INC., a Colorado corporation, dba ALLIED PROFESSIONALS ASSOCIATION, erroneously sued and served as ALLIED PROFESSIONALS ASSOCIATION, INC.

IN THE UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

SOUTHERN DIVISION

| | |
|---|---|
| ALLIED PROFESSIONALS' INSURANCE SERVICES, a California corporation, and ALLIED PROFESSIONALS' INSURANCE COMPANY, A RISK RETENTION GROUP, INC., an Arizona corporation,<br><br>Plaintiffs,<br><br>v.<br><br>ALLIED PROFESSIONALS ASSOCIATION, INC., a Colorado corporation,<br><br>Defendant. | Case No.<br>8:14-CV-2032 DOC (KESx)<br><br>**STIPULATED CONSENT JUDGMENT AND PERMANENT INJUNCTION**<br>**[53]** |

# FINAL ORDER AND PERMANENT INJUNCTION

Plaintiffs Allied Professionals' Insurance Services, Allied Professionals' Insurance Company, A Risk Retention Group, Inc. (collectively, "Plaintiffs") having filed a complaint ("the Complaint") against Defendant Allied Professionals Association ("Defendant"), charging Defendant with trademark infringement, unfair competition, false designation of origin, anticybersquatting, and related claims arising under the laws of the State of California. Defendant countersued ("the Counter-Complaint"), charging Plaintiffs with trademark infringement, unfair competition, false designation of origin, related claims arising under the laws of the State of California, and sought declaratory relief for non-infringement. Plaintiffs and Defendant are hereinafter referred to individually as Party and collectively as Parties. The Parties having agreed to settle this action on the condition, among other things, that Defendant consents to a permanent injunction, it is hereby

**ORDERED, ADJUDGED AND DECREED** that:

1. On December 22, 2014, Plaintiffs initiated this action by filing a Complaint against Defendant in the United States District Court for the Central District of California seeking injunctive relief for trademark infringement, false designation of origin, unfair competition, and anti-cybersquatting.

2. On October 28, 2015, the Parties engaged in court-ordered mediation in this action and agreed to fully settle the subject litigation.

3. On November 9, 2015, the Parties filed a Notice of Settlement with the Court.

4. This Court has jurisdiction over the Parties and over the subject matter hereof pursuant to 28 U.S.C §§ 1331, 1338 and 1367. Venue is proper in this district.

5. Plaintiffs are the owners of all rights, title, and interest, including common law rights, in the service marks ALLIED PROFESSIONALS'

INSURANCE SERVICES®, ALLIED PROFESSIONALS' RISK PURCHASING GROUP®, and ALLIED PROFESSIONALS' INSURANCE COMPANY℠ (collectively, the "Allied Professionals Marks").

6. Trademark Registration No. 3,392,685 ("the '685 Registration") for the service mark ALLIED PROFESSIONALS' INSURANCE SERVICES® owned by Plaintiffs is valid and enforceable.

7. Trademark Registration No. 3,846,368 ("the '368 Registration") for the service mark ALLIED PROFESSIONALS' RISK PURCHASING GROUP® owned by Plaintiffs is valid and enforceable.

8. Defendant is the owner of all rights, title, and interest, including common law rights, in the service marks ALLIED BEAUTY EXPERTS®, ALLIED WELLNESS EXPERTS®, and ALLIED HEALTH ASSOCIATION℠ (collectively, the "Allied Health Marks").

9. Defendant owns U.S. Trademark Registration No. 4,825,784 ("the '784 Registration") for the service mark ALLIED BEAUTY EXPERTS.

10. Defendant owns U.S. Trademark Registration No. 4,825,837 ("the '837 Registration") for the service mark ALLIED WELLNESS EXPERTS.

11. Defendant will not oppose, contest, or challenge, or assist others in opposing, contesting, or challenging Plaintiffs' use and/or registration of their Allied Professionals Marks. The Parties shall refrain from suggesting any association or affiliation with or sponsorship or endorsement by the other Party or their goods or services.

12. Defendant and its officers, directors, principals, shareholders, agents, servants, managers, employees, attorneys, successors, assigns, and affiliated entities, and all other persons in active concert or participation with any of them, who receive actual notice of this Order are hereby enjoined from:

(a) Using or displaying in connection with Defendant's goods or services any mark containing the phrase "ALLIED PROFESSIONALS"

(including the Allied Professionals Marks) or any mark confusingly similar thereto;

(b) Displaying the Allied Professionals Marks or any confusingly similar mark on Defendant's website, using the phrase "Allied Professionals" in Defendants' web address, displaying the Allied Professionals' Mark or any confusingly similar mark in the text or header of any advertisement, using the Allied Professionals Marks or any confusingly similar mark as an internal search term on Defendant's website, embedding the Allied Professionals Marks or confusingly similar terms in the searchable text of the image properties for any images displayed on Defendant's website, or purchasing keyword advertising for insurance services trigged by any search term containing the Allied Professionals Marks or any confusingly similar mark, provided, however, that this provision shall not apply to such uses, if any, that are outside Defendant's control;

(c) Using a corporate name that includes the term "ALLIED PROFESSIONALS;" and

(d) Otherwise engaging in any conduct that infringes Plaintiffs' rights in the Allied Professionals' Marks, or otherwise suggesting an association or affiliation with or sponsorship or endorsement by Plaintiffs of Defendant or its goods or services.

(e) If at any time Plaintiffs believe Defendant has violated the terms of this Permanent Injunction (paragraph 12 of this Order), Plaintiffs shall promptly notify Defendant who will then have 15 days to cure the matter before Defendant is deemed to be in violation of this Permanent Injunction. However, after Plaintiffs have twice notified Defendant of a violation that Defendant has cured, for any future violation Plaintiffs will no longer have any obligation to notify Defendant, or to allow Defendant 15 days to cure the matter, before

3

Defendant is deemed to be in violation of the provisions of this Permanent Injunction.

(f) Notwithstanding the above, nothing in this Order shall be deemed to enjoin Defendant from the use of the word "Allied" with words or terms not confusingly similar to "Professionals," including for example "Allied Health," "Allied Beauty Experts," and "Allied Wellness Experts."

13. Defendant shall pay to Plaintiffs one hundred fifty thousand dollars ($150,000.00) according to the following schedule:

    a. Ten thousand dollars ($10,000) on January 19, 2016;
    b. Ten thousand dollars ($10,000) on February 1, 2016;
    c. Ten thousand dollars ($10,000) on March 1, 2016;
    d. Ten thousand dollars ($10,000) on April 1, 2016;
    e. Ten thousand dollars ($10,000) on May 1, 2016;
    f. Ten thousand dollars ($10,000) on June 1, 2016;
    g. Ten thousand dollars ($10,000) on July 1, 2016;
    h. Ten thousand dollars ($10,000) on August 1, 2016;
    i. Ten thousand dollars ($10,000) on September 1, 2016;
    j. Ten thousand dollars ($10,000) on October 1, 2016;
    k. Ten thousand dollars ($10,000) on November 1, 2016;
    l. Ten thousand dollars ($10,000) on December 1, 2016;
    m. Ten thousand dollars ($10,000) on January 1, 2017;
    n. Ten thousand dollars ($10,000) on February 1, 2017; and
    o. Ten thousand dollars ($10,000) on March 1, 2017.

Defendant has delivered installments (a) and (b) to Plaintiffs. If Defendant timely pays each of installments (c)-(k) by the 1st of each month and has paid $110,000 by November 1, 2016, Defendant shall not be required to make payments (l)-(o) and Plaintiffs shall accept $110,000 as payment in full. If

Defendant fails to pay any installment by the due date listed above, all remaining installments shall become due immediately.

14. This is a final judgment and all claims asserted by and between the Parties are hereby dismissed with prejudice.

15. This Court shall retain jurisdiction to enforce the Parties' Settlement Agreement in this action and this Stipulated Consent Judgment and Permanent Injunction.

16. The Parties waive appeal of this Stipulated Consent Judgment and Permanent Injunction as entered or modified by the Court.

17. The Parties shall each bear their own costs and attorneys' fees previously incurred in connection with this action.

IT IS SO ORDERED AND DECREED, AND FINAL JUDGMENT IS HEREBY ENTERED, THIS 10th day of February, 2016.

By: /s/ David O. Carter
David O. Carter
United States District Court Judge

22569893

5